# EXHIBIT A

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

*Received and Attested by the Office of Judicial Records 26 MAR 2021 01:59 pm A. SILIGRINI*

| | |
|---|---|
| WAL-MART STORES EAST, LP<br>702 Southwest 8th Street<br>Bentonville, AR 72716<br><div align="right">Plaintiff,</div><br>v.<br><br>ZURICH NORTH AMERICA, INC. d/b/a<br>ZURICH AMERICAN INSURANCE CO.<br>1299 Zurich Way<br>Schaumburg, IL 60196-1056<br><div align="right">Defendant.</div> | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>_____ TERM, 2021<br><br>NO. _____ |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

10-284

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **MARCH 2021**     **002707** |
| | E-Filing Number: 2103053133 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| WAL-MART STORES EAST, LP | ZURICH NORTH AMERICA, INC., ALIAS: D/B/A ZURICH AMERICAN INSURANCE CO. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 702 SOUTHWEST 8TH STREET BENTONVILLE AR 72716 | 1299 ZURICH WAY SCHAUMBURG IL 60196-1056 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 1D - INSURANCE, DECLARATORY JUDGMNT |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED PRO PROTHY**<br><br>MAR **26** 2021<br><br>**A. SILIGRINI** | YES      NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>WAL-MART STORES EAST, LP</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GWYNETH R. WILLIAMS | MCDONNELL & ASSOCIATES PC 500 ROUTE 70 WEST CHERRY HILL NJ 08002 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (856) 429-5300 | (856) 310-7900 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 319219 | gwilliams@mcda-law.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| GWYNETH WILLIAMS | Friday, March 26, 2021, 01:59 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

| | |
|---|---|
| WAL-MART STORES EAST, LP<br>702 Southwest 8th Street<br>Bentonville, AR 72716<br>         Plaintiff,<br><br>   v.<br><br>ZURICH NORTH AMERICA, INC. d/b/a<br>ZURICH AMERICAN INSURANCE CO.<br>1299 Zurich Way<br>Schaumburg, IL 60196-1056<br>         Defendant. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>_____TERM, 2021<br><br>NO. _____ |

## CIVIL ACTION COMPLAINT

NOW COMES Plaintiff, Wal-Mart Stores East, LP, by and through its undersigned counsel, Law Offices of McDonnell & Associates, P.C., who complains against Defendant, Zurich North America, Inc. d/b/a Zurich American Insurance Co., and in support thereof avers as follows:

1.    Plaintiff, Wal-Mart Stores East, LP (hereinafter "Walmart"), is a Delaware limited partnership with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716.

2.    Walmart Inc. is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Walmart Inc. (WMI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned

by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMI).

3.      Defendant, Zurich North America, Inc. d/b/a Zurich North American Insurance Co. (hereinafter "Zurich"), is a Delaware corporation registered and licensed to conduct the business of insurance in the Commonwealth of Pennsylvania, with its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196-1056.

4.      At all times material hereto, Zurich regularly, continuously, and systematically conducted business in the Commonwealth of Pennsylvania and City of Philadelphia.

5.      At all times material hereto, Zurich acted or failed to act by and through its agents, servants, representatives, and/or employees, in the course and scope of their employment.

6.      This is an action for declaratory judgment in which Walmart seeks to compel Zurich to honor its obligations under an insurance policy to defend and indemnify Walmart with respect to a personal injury, wrongful death, and survival action brought against it in this Honorable Court and styled: <u>Arthur Long, Administrator of the Estate of Rosalyn L. Robinson and Arthur Long v. Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Cedarbrook Plaza, Cedarbrook Plaza Lot Stores, Inc., Cedarbrook Plaza Management Co, Cedarbrook Plaza, Inc., Nassimi Corporation, Nassimi Realty, LLC, Nassimi Realty Holdings, and Nassimi Realty Corp.,</u> Docket No. 191203322 (hereinafter the "<u>Robinson</u> action").

7.      Walmart files the within lawsuit against Zurich because it is believed and averred that Walmart qualifies as an Additional Insured under a general liability policy of insurance issued by Zurich, Policy Number CPO-6541241, and that Zurich has wrongfully refused to defend and/or indemnify Walmart in the <u>Robinson</u> action as required by the terms and conditions of said insurance policy.

## FACTUAL BACKGROUND

8.      On December 23, 2019, Arthur Long, as Administrator of the Estate of Rosalyn L. Robinson, and in his own right, commenced the aforementioned Robinson action by filing a Civil Action Complaint against Walmart, Cedarbrook Plaza, Inc. (hereinafter "Cedarbrook Plaza"), and various related entities. See a true and correct copy of the Robinson action Complaint attached hereto as Exhibit "A."

9.      The Complaint alleges that on March 27, 2018,[1] Decedent Rosalyn Robinson (hereinafter "Robinson") "was caused to trip and fall on a rise in the concrete pavement cement block crease adjacent to the store entrance" of Walmart Store #5229, which is located within the Cedarbrook Plaza Shopping Center, 1000 Easton Road, Wyncote, Pennsylvania 19095. See Exhibit "A," ¶ 15.

10.     Mr. Long and the Estate allege that Robinson sustained various personal injuries and passed away as a result of the incident. Id., ¶¶ 49-57.

11.     They claim that Walmart and Cedarbrook Plaza, and their related companies, are jointly and severally liable for Robinson's injuries and death based on their negligent failure to maintain the premises. Id., p. 5, at ¶¶ 16, 13.

12.     Walmart leased a retail building from Cedarbrook Plaza at all material times but had no responsibility whatsoever to maintain the Shopping Center's Common Areas, including the sidewalk where Robinson fell.

13.     As Cedarbrook Plaza was solely responsible for maintaining the incident location, Walmart asserted cross-claims for contractual and common law indemnification against Cedarbrook Plaza and its related companies. See a true and correct copy of Walmart's Answer to

---

[1] The Robinson Complaint originally alleged an incident occurring on April 1, 2018 and the date was later corrected pursuant to stipulation.

Plaintiff's Complaint with New Matter and New Matter Crossclaims attached hereto as Exhibit "B."

14.     Pursuant to the terms of the Lease between Walmart and Cedarbrook Plaza, Cedarbrook Plaza agreed to maintain all Common Areas as follows:

### 9. COMMON AREAS

(A) All areas of the Shopping Center that do not contain buildings shall be known as "common areas" of the Shopping center.

[. . . ]

(D) Landlord agrees that it will keep in reasonably good repair and condition all common areas of the Shopping Center, . . . that it will keep all common areas and the sidewalks abutting the Building and other buildings in the Shopping Center reasonably free of refuse and obstruction, and reasonably free of snow and ice to the extent required by the business operations of the stores within the Shopping Center and that it will keep the common areas, the Pylon Sign and the identification panels thereon lighted at all times when the demised premises shall be open for business and for a reasonable period of time thereafter.

See a copy of the pertinent Lease provisions attached hereto as Exhibit "C," §§ 9(A) and (D).

15.     Cedarbrook Plaza further agreed to indemnify and save Walmart harmless from any and all claims of injury occurring in Common Areas regardless of their cause. The pertinent provision provides:

### 13. INDEMNIFICATION

(B) . . . Landlord agrees to save Tenant harmless from, and indemnify Tenant against, any and all injury, loss or damage or claims for injury, loss or damage, of whatever nature, to any person or property (i) caused by or resulting from any act, omission or negligence of Landlord or its employees or agents; or **(ii) occurring in the common areas of the Shopping Center, no matter how caused**."

Id. at § 13 (emphasis added).

16.     Upon information and belief, Cedarbrook Plaza also obtained a general liability insurance policy through Zurich, Policy Number CPO-6541241, that named Walmart as an Additional Insured.

17.     Based on the Lease terms, which have been confirmed through sworn testimony of Cedarbrook Plaza's corporate designee, Cedarbrook Plaza has a duty to defend, indemnify and hold Walmart harmless against the claims being asserted against it in the Robinson action.

18.     Walmart tendered its defense to Cedarbrook Plaza and Zurich on May 1, 2020 in an effort to enforce its rights under the policy.

19.     On December 23, 2020, Zurich formally denied Walmart's tender request based on a speculative theory of liability that was wholly unsupported by the factual record in Robinson.

### COUNT I – DECLARATORY JUDGMENT ACTION
### Wal-Mart Stores East, LP v. Zurich North America, Inc.
### d/b/a Zurich American Insurance Co.

20.     Walmart hereby incorporates by reference the preceding paragraphs as though set forth at length herein.

21.     Under Pennsylvania law, "[a]n insurer is obligated to defend its insured if the factual allegations of the complaint on its face encompass an injury that is actually **or potentially** within the scope of the policy." Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 606 Pa. 584, 608-609, 2 A.3d 526, 540-541 (Pa. 2010) (emphasis added) (citing Erie Ins. Exch. v. Transamerica Ins. Co., 516 Pa. 574, 533 A.2d 1363, 1368 (Pa. 1987)).

22.     "As long as the complaint 'might or might not' fall within the policy's coverage, the insurance company is obliged to defend." Id. at 609 (citations omitted). "Accordingly, it is the potential, rather than the certainty, of a claim falling within the insurance policy that triggers the insurer's duty to defend." Id.

23.    "In making this determination, the 'factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured.'" Id. at 610. "Indeed, the duty to defend is not limited to meritorious actions; it even extends to actions that are 'groundless, false, or fraudulent' as long as there exists the possibility that the allegations implicate coverage." Id. (citations omitted).

24.    In this case, it is not only possible, but certain, that Walmart is entitled to defense and indemnification under the terms of the Lease.

25.    In Robinson, the plaintiffs claim that Robinson "was caused to trip and fall on a rise in the concrete pavement cement block crease adjacent to the store entrance" of Walmart Store #5229: an area of pavement that is indisputably located within a Common Area of the Cedarbrook Plaza Shopping Center. See Exhibit "A," ¶ 15.

26.    As the alleged location and cause of the fall are squarely within Cedarbrook Plaza's area of responsibility, Walmart is clearly owed defense and indemnity under the terms of the Lease and Cedarbrook Plaza's insurance policy through Zurich.

27.    However, Zurich has adamantly and continuously refused to extend the coverage that Walmart is owed.

28.    Due to Zurich's ongoing failure to comply with its obligation to defend and indemnify Walmart in the Robinson action, Walmart continues to incur extensive defense costs and attorneys' fees, which are Zurich's responsibility given Walmart's status as an Additional Insured on the policy issued to Cedarbrook Plaza.

29.    Thus, Walmart now seeks a declaratory judgment from this Honorable Court that Zurich is required to assume Walmart's defense in this action pursuant to its status as an Additional

Insured on the insurance policy issued to Cedarbrook Plaza, and to reimburse Walmart for its attorneys' fees and costs incurred to date in defense of the Robinson action.

**WHEREFORE**, Plaintiff, Wal-Mart Stores East, LP, seeks a declaratory judgment in its favor and against Zurich, that Zurich must defend and indemnify Walmart as an additional insured in the Robinson action, together with an award of costs, attorneys' fees, interest, and such other relief as the Court deems just and proper.

McDONNELL & ASSOCIATES, P.C.

By: _____

Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Email: pmcdonnell@mcda-law.com
Gwyneth R. Williams, Esquire
Attorney I.D. No. 319219
Email: gwilliams@mcda-law.com
500 Route 70 West
Cherry Hill, NJ 08002
(T) 856.429.5300 (F) 856.310.7900
*Attorneys for Plaintiff*

Dated: March 26, 2021

WAL-MART STORES EAST LP       :       COURT OF COMMON PLEAS
702 Southwest 8th Street       :       PHILADELPHIA COUNTY
Bentonville, AR 72716       :
     Plaintiff,       :
          :    TERM, 2021
 v.        : NO.
          :
ZURICH NORTH AMERICA, INC. d/b/a       :
ZURICH AMERICAN INSURANCE CO.       :
1299 Zurich Way       :
Schaumburg, IL 60196-1056       :
     Defendant.       :

## VERIFICATION

  I, Emma Hammond, hereby verify that I am the Store Manager of Walmart Store #5229 in

Wyncote, Pennsylvania, and the facts contained within Walmart's Civil Action Complaint are true

and correct to the best of my knowledge, information, and belief. I understand that I make this

verification subject to the penalties of the 18 Pa. C.S. § 4904 relating to unsworn falsification to

authorities.

                 Emma Hammond

Dated: March 25, 2021

# EXHIBIT "A"

**STAMPONE O'BRIEN DILSHEIMER LAW**
BY:  KEVIN P. O'BRIEN, ESQUIRE
Attorney I.D. No. 313081
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400
Attorney for Plaintiff(s)

*Filed and Attested by the*
*Office of Judicial Records*
*23 DEC 2019 12:22 pm*
*M. BRYANT*

| | | |
|---|---|---|
| ARTHUR LONG, ADMINSTRATOR | : | COURT OF COMMON PLEAS |
| OF THE ESTATE OF | | PHILADELPHIA COUNTY |
| ROSALYN L. ROBINSON | : | |
| 500 Cottman Avenue | | |
| Philadelphia, PA 19012 | | |
| AND | | |
| ARTHUR LONG | | TERM, 2019 |
| 1335 W. Pike Street | | |
| Philadelphia, PA 19140 | | |
| vs. | : | |

WAL-MART STORES EAST, INC.
c/o CT Corporation System
600 N Second Street                          :
Suite 401
Harrisburg, PA 17101
AND
WAL-MART STORES EAST, LP          :
c/o CT Corporation System
600 N Second Street
Suite 401
Harrisburg, PA 17101
AND                                               :
CEDARBROOK PLAZA
Cedarbrook Mall
Cheltenham Avenue & Easton Road
Wyncote, PA 19095
AND
CEDARBROOK PLAZA LOT STORES, INC.
1000 Easton Road
No. 250
Wyncote, PA 19095                          :
AND
CEDARBROOK PLAZA MANAGEMENT CO.
Cedarbrook Mall
Cheltenham Avenue & Easton Road
Wyncote, PA 19095
AND
CEDARBOOK PLAZA, INC.
1001 Easton Road
Wyncote, PA 19095
AND

NASSIMI CORPORATION
c/o Edward Nassimi
9 Locust Cove Lane
Kings Point, NY 11024
AND
NASSIMI REALTY, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
AND
NASSIMI REALTY HOLDINGS
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
AND
NASSIMI REALTY CORP.
251 Little Falls Drive
Wilmington, DE 19808

## COMPLAINT IN CIVIL ACTION

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance person-ally or by attorney and filing in writing with the court your defense objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea a visado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede pere dinero o sus propiedades u otros derechos importantes para usted. |
| You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help. | Lleva esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal. |

<div align="center">
Philadelphia Bar Association<br>
Lawyer Referral<br>
and Information Service<br>
One Reading Center<br>
Philadelphia, PA 19107<br>
(215) 238-1701
</div>

<div align="center">
Asociacion de Licenciados<br>
de Filadelfia<br>
Servicio de Referencia e<br>
Informacion Legal<br>
One Reading Center<br>
Filadelfia, PA 19107<br>
(215) 238-1701
</div>

**STAMPONE O'BRIEN DILSHEIMER LAW**
BY:  KEVIN P. O'BRIEN, ESQUIRE
Attorney I.D. No. 313081
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400
Attorney for Plaintiff(s)

---

| | | |
|---|---|---|
| ARTHUR LONG, ADMINSTRATOR | : | COURT OF COMMON PLEAS |
| OF THE ESTATE OF | | PHILADELPHIA COUNTY |
| ROSALYN L. ROBINSON | : | |
| 500 Cottman Avenue | | |
| Philadelphia, PA 19012 | | |
| AND | | |
| ARTHUR LONG | | TERM, 2019 |
| 1335 W. Pike Street | | |
| Philadelphia, PA 19140 | | |
| vs. | : | |
| | | |
| WAL-MART STORES EAST, INC. | | |
| c/o CT Corporation System | | |
| 600 N Second Street | : | |
| Suite 401 | | |
| Harrisburg, PA 17101 | | |
| AND | | |
| WAL-MART STORES EAST, LP | : | |
| c/o CT Corporation System | | |
| 600 N Second Street | | |
| Suite 401 | | |
| Harrisburg, PA 17101 | | |
| AND | : | |
| CEDARBROOK PLAZA | | |
| Cedarbrook Mall | | |
| Cheltenham Avenue & Easton Road | | |
| Wyncote, PA 19095 | | |
| AND | | |
| CEDARBROOK PLAZA LOT STORES, INC. | | |
| 1000 Easton Road | | |
| No. 250 | | |
| Wyncote, PA 19095 | : | |
| AND | | |
| CEDARBROOK PLAZA MANAGEMENT CO. | | |
| Cedarbrook Mall | | |
| Cheltenham Avenue & Easton Road | | |
| Wyncote, PA 19095 | | |

AND
CEDARBOOK PLAZA, INC.
1001 Easton Road
Wyncote, PA 19095
AND
NASSIMI CORPORATION
c/o Edward Nassimi
9 Locust Cove Lane
Kings Point, NY 11024
AND
NASSIMI REALTY, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
AND
NASSIMI REALTY HOLDINGS
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808
AND
NASSIMI REALTY CORP.
251 Little Falls Drive
Wilmington, DE 19808

## **COMPLAINT IN CIVIL ACTION**

1.     Plaintiff's Decedent, ROSALYN L. ROBINSON was an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 751 W. Allens Lane, Philadelphia, PA 19119.

2.     Plaintiff, ARTHUR LONG was appointed Administrator of the Estate of Rosalyn L. Robinson on January 31, 2019.  Said estate has a mailing address of 500 Cottman Avenue, Cheltenham, PA 19012.  A copy of the Letters of Administration are attached hereto as Exhibit "A".

3.     Plaintiff, Arthur Long is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 1335 W. Pike Street, Philadelphia, PA 19140.

Case ID: 210303702

4.      Defendant, WAL-MART STORES EAST, INC., is alleged and therefore averred to be a corporation, partnership and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o CT Corporation System600 N Second Street, Suite 401, Harrisburg, PA 17101.

5.      Defendant, WAL-MART STORES EAST, LP, is alleged and therefore averred to be a corporation, partnership and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania with a registered service address c/o CT Corporation System, 600 N Second Street, Suite 401, Harrisburg, PA 17101.

6.      Defendant, CEDARBROOK PLAZA, is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transaction business in the Commonwealth of Pennsylvania with a principal place of business located at Cedarbrook Mall, Cheltenham Avenue and Easton Road, Wyncote, PA 19095.

7.      Defendant, CEDARBROOK PLAZA LOT STORES, INC. is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of business located at 1000 Easton Road, No. 250, Wyncote, PA 19095.

8.      Defendant, CEDARBROOK PLAZA MANAGEMENT CO. is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of business located at Cedarbrook Mall, Cheltenham Avenue and Easton Road, Wyncote, PA 19095.

9.      Defendant, CEDARBROOK PLAZA, INC. is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the

Case ID: 210302702

Commonwealth of Pennsylvania with a principal place of business located at 1001 Easton Road, Wyncote, PA 19095.

10.    Defendant, NASSIMI CORPORATION is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of service located c/o Edward Nassimi, 9 Locust Cove Lane, Kings Point, NY 11024.

11.    Defendant, NASSIMI REALTY, LLC is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of service located c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

12.    Defendant, NASSIMI REALTY HOLDINGS is alleged and therefore averred to e a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of service located c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

13.    Defendant, NASSIMI REALTY CORP. is alleged and therefore averred to be a corporation, partnership and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of service located c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

14.    Venue is proper in the City and County of Philadelphia as Defendants, and each of them, jointly and/or severally regularly conduct business in the City and County of Philadelphia.

15.     On or about April 1, 2018, the Plaintiff's decedent, Rosalyn L. Robinson,

a business invitee and lawfully upon the premises known as  Walmart at the Cedarbrook Mall,

located at 1000 Easton Road, Wyncote, PA when she was then and there caused to trip and fall

on a rise in the concrete pavement cement block crease adjacent to the store entrance, with a

result that Plaintiff suffered severe, serious and permanent injuries and damages which are

described at length below.

16.     At all times relevant hereto, one or more of the aforementioned Defendants, and

each of them, jointly and/or severally owned, managed, leased, possessed, controlled or were

otherwise responsible for the maintenance of said premises, including the concrete pavement

area where Plaintiff fell located at 1000 Easton Road, Wyncote, PA 19095.

13.     This accident resulted solely from the negligence and carelessness and of the

Defendants, and each of their its agents, servants, workmen, contractors, sub-contractors and/or

employees, jointly and/or severally and was due in no manner whatsoever to any act or failure to

act on the part of the Plaintiff.

14.     As a result of the aforesaid accident, the Plaintiff's decedent Rosalyn L.

Robinson, suffered injuries which are serious and permanent in nature, including, but not limited

to a displaced intertrochanteric fracture of the right leg, proximal right femur fracture,

comminuted fracture of the right hip,  contusions, lacerations and abrasions over various portions

of her body; severe and permanent scarring and disfigurement; post-traumatic anxiety and

depression; severe damage to her nerves and nervous system and various other ills and injuries

which the Plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

5

Case ID: 210302702

15. As a further result of the aforesaid accident, Plaintiff's decedent, Rosalyn L. Robinson, was obliged to receive and undergo medical attention and care and to incur various and diverse expenses.

16. As a further result of the aforesaid accident, Plaintiff's decent Rosalyn L. Robinson, has or may have suffered a severe loss of her earnings and impairment of her earning capacity and power, all of which may continue for an indefinite time into the future.

17. As a further result of the aforesaid accident, the Plaintiff's decedent Rosalyn L. Robinson, suffered severe physical pain and trauma, mental upset and anguish and humiliation.

18. As a further result of the aforesaid accident the Plaintiff's decedent, Rosalyn L. Robinson suffered a diminution of her ability to enjoy life and life's pleasures.

## COUNT I
### ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. WAL-MART STORES EAST, INC.

19. Plaintiff reavers and incorporates paragraphs 1 through 17 herein, as though set forth at length.

20. The negligence and carelessness of the Defendant, Wal-Mart Stores East, Inc. consists of, but is not limited to, the following:

    a. failing to maintain the area, specifically the concrete pavement area in a condition which would protect and safeguard persons lawfully upon said premises;

    b. permitting said area, specifically the concrete pavement area to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

    c. failing to have the concrete pavement area inspected at reasonable intervals in order to determine the condition of same;

    d. failing to warn persons using said area of these dangerous conditions;

Case ID: 210302702

e.  disregarding the rights and safety of the Plaintiff and other persons lawfully upon said surface;

f.  failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

g.  failing to use due care under the circumstances;

h.  creating a trap or nuisance, specifically the concrete pavement area;

i.  creating a dangerous condition, specifically the concrete pavement area.

21.    The negligence and carelessness of the Defendant, Wal-Mart Stores East, Inc., its agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson  demands judgment against the Defendant, Wal-Mart Stores East, Inc. its agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. WAL-MART STORES EAST, LP

22.    Plaintiff reavers and incorporates paragraphs 1 through 21 herein, as though set forth at length.

23.    The negligence and carelessness of the Defendant, Wal-Mart Stores East, LP consists of, but is not limited to, the following:

a.  failing to maintain the area, specifically the concrete pavement area in a condition which would protect and safeguard persons lawfully upon said premises;

7

Case ID: 210302702

b.  permitting said area, specifically the concrete pavement area to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

c.  failing to have the concrete pavement area inspected at reasonable intervals in order to determine the condition of same;

d.  failing to warn persons using said area of these dangerous conditions;

e.  disregarding the rights and safety of the Plaintiff and other persons lawfully upon said surface;

f.  failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

g.  failing to use due care under the circumstances;

h.  creating a trap or nuisance, specifically the concrete pavement area;

i.  creating a dangerous condition, specifically the concrete pavement area.

24.     The negligence and carelessness of the Defendant, Wal-Mart Stores East, LP, its agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson demands judgment against the Defendant, Wal-Mart Stores East, LP its agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

<div align="center">

**COUNT III**
**ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON**
**VS. CEDARBROOK PLAZA**

</div>

25.     Plaintiff reavers and incorporates paragraphs 1 through 24 herein, as though set forth at length.

26.   The negligence and carelessness of the Defendant, Cedarbrook Plaza consists of, but is not limited to, the following:

a.   failing to maintain the area, specifically the concrete pavement area in a condition which would protect and safeguard persons lawfully upon said premises;

b.   permitting said area, specifically the concrete pavement area to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

c.   failing to have the concrete pavement area inspected at reasonable intervals in order to determine the condition of same;

d.   failing to warn persons using said area of these dangerous conditions;

e.   disregarding the rights and safety of the Plaintiff and other persons lawfully upon said surface;

f.   failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

g.   failing to use due care under the circumstances;

h.   creating a trap or nuisance, specifically the concrete pavement area;

i.   creating a dangerous condition, specifically the concrete pavement area.

27.   The negligence and carelessness of the Defendant, Cedarbrook Plaza, its agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson  demands judgment against the Defendant, Cedarbrook Plaza its agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

9

Case ID: 210302707

**COUNT IV**
**ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON**
**VS. CEDARBROOK PLAZA LOT STORES, INC.**

28.    Plaintiff reavers and incorporates paragraphs 1 through 27 herein, as though set forth at length.

29.    The negligence and carelessness of the Defendant, Cedarbrook Plaza Lot Stores, Inc. consists of, but is not limited to, the following:

      a.   failing to maintain the area, specifically the concrete pavement area in a condition which would protect and safeguard persons lawfully upon said premises;

      b.   permitting said area, specifically the concrete pavement area to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

      c.   failing to have the concrete pavement area inspected at reasonable intervals in order to determine the condition of same;

      d.   failing to warn persons using said area of these dangerous conditions;

      e.   disregarding the rights and safety of the Plaintiff and other persons lawfully upon said surface;

      f.   failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

      g.   failing to use due care under the circumstances;

      h.   creating a trap or nuisance, specifically the concrete pavement area;

      i.   creating a dangerous condition, specifically the concrete pavement area.

30.    The negligence and carelessness of the Defendant, Cedarbrook Plaza Lot Stores, Inc. its agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

Case ID: 210302707

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson demands judgment against the Defendant, Cedarbrook Plaza Lot Stores, Inc., its agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

<div align="center">

**COUNT V**
**ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON**
**VS. CEDARBROOK PLAZA MANAGEMENT CO.**

</div>

31.    Plaintiff reavers and incorporates paragraphs 1 through 30 herein, as though set forth at length.

32.    The negligence and carelessness of the Defendant, Cedarbrook Plaza Management Co. consists of, but is not limited to, the following:

    a.  failing to maintain the area, specifically the concrete pavement area in a condition which would protect and safeguard persons lawfully upon said premises;

    b.  permitting said area, specifically the concrete pavement area to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

    c.  failing to have the concrete pavement area inspected at reasonable intervals in order to determine the condition of same;

    d.  failing to warn persons using said area of these dangerous conditions;

    e.  disregarding the rights and safety of the Plaintiff and other persons lawfully upon said surface;

    f.  failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

    g.  failing to use due care under the circumstances;

    h.  creating a trap or nuisance, specifically the concrete pavement area;

    i.  creating a dangerous condition, specifically the concrete pavement area.

Case ID: 210302702

33.     The negligence and carelessness of the Defendant, Cedarbrook Plaza Management Co., its agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson demands judgment against the Defendant, Cedarbrook Plaza Management Co., its agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT VI
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. CEDARBOOK PLAZA, INC.

34.     Plaintiff reavers and incorporates paragraphs 1 through 33 herein, as though set forth at length.

35.     The negligence and carelessness of the Defendant, Cedarbook Plaza, Inc., consists of, but is not limited to, the following:

    a.  failing to maintain the area, specifically the concrete pavement area in a condition which would protect and safeguard persons lawfully upon said premises;

    b.  permitting said area, specifically the concrete pavement area to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

    c.  failing to have the concrete pavement area inspected at reasonable intervals in order to determine the condition of same;

    d.  failing to warn persons using said area of these dangerous conditions;

    e.  disregarding the rights and safety of the Plaintiff and other persons lawfully upon said surface;

12

Case ID: 210302702

f.   failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

g.   failing to use due care under the circumstances;

h.   creating a trap or nuisance, specifically the concrete pavement area;

i.   creating a dangerous condition, specifically the concrete pavement area.

36.   The negligence and carelessness of the Defendant, Cedarbrook Plaza, Inc., its agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson demands judgment against the Defendant, Cedarbrook Plaza, Inc. its agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT VII
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. NASSIMI CORPORATION

37.   Plaintiff reavers and incorporates paragraphs 1 through 36 herein, as though set forth at length.

38.   The negligence and carelessness of the Defendant, Nassimi Corporation consists of, but is not limited to, the following:

a.   failing to maintain the area, specifically the concrete pavement area in a condition which would protect and safeguard persons lawfully upon said premises;

b.   permitting said area, specifically the concrete pavement area to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

13

c.  failing to have the concrete pavement area inspected at reasonable intervals in order to determine the condition of same;

d.  failing to warn persons using said area of these dangerous conditions;

e.  disregarding the rights and safety of the Plaintiff and other persons lawfully upon said surface;

f.  failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

g.  failing to use due care under the circumstances;

h.  creating a trap or nuisance, specifically the concrete pavement area;

i.  creating a dangerous condition, specifically the concrete pavement area.

39.     The negligence and carelessness of the Defendant, Nassimi Corporation its agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson demands judgment against the Defendant, Nassimi Corporation its agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT VIII
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. NASSIMI REALTY LLC

40.     Plaintiff reavers and incorporates paragraphs 1 through 39 herein, as though set forth at length.

41.     The negligence and carelessness of the Defendant, Nassimi Realty, LLC consists of, but is not limited to, the following:

14

    a.  failing to maintain the area, specifically the concrete pavement area in a condition which would protect and safeguard persons lawfully upon said premises;

    b.  permitting said area, specifically the concrete pavement area to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

    c.  failing to have the concrete pavement area inspected at reasonable intervals in order to determine the condition of same;

    d.  failing to warn persons using said area of these dangerous conditions;

    e.  disregarding the rights and safety of the Plaintiff and other persons lawfully upon said surface;

    f.  failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

    g.  failing to use due care under the circumstances;

    h.  creating a trap or nuisance, specifically the concrete pavement area;

    i.  creating a dangerous condition, specifically the concrete pavement area.

42.    The negligence and carelessness of the Defendant, Nassimi Realty, LLC, its agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson demands judgment against the Defendant, Nassimi Realty, LLC its agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT IX**
**ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON**
**VS. NASSIMI REALTY HOLDINGS**

15

43.     Plaintiff reavers and incorporates paragraphs 1 through 42 herein, as though set forth at length.

44.     The negligence and carelessness of the Defendant, Nassimi Realty Holdings consists of, but is not limited to, the following:

   a.   failing to maintain the area, specifically the concrete pavement area in a condition which would protect and safeguard persons lawfully upon said premises;

   b.   permitting said area, specifically the concrete pavement area to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

   c.   failing to have the concrete pavement area inspected at reasonable intervals in order to determine the condition of same;

   d.   failing to warn persons using said area of these dangerous conditions;

   e.   disregarding the rights and safety of the Plaintiff and other persons lawfully upon said surface;

   f.   failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

   g.   failing to use due care under the circumstances;

   h.   creating a trap or nuisance, specifically the concrete pavement area;

   i.   creating a dangerous condition, specifically the concrete pavement area.

45.     The negligence and carelessness of the Defendant, Cedarbrook Plaza, Inc., its agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson demands judgment against the Defendant, Nassimi Realty Holdings its agents,

Case ID: 210302707

servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT X
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. NASSIMI REALTY CORP.

46.     Plaintiff reavers and incorporates paragraphs 1 through 45 herein, as though set forth at length.

47.     The negligence and carelessness of the Defendant, Nassimi Realty Corp. consists of, but is not limited to, the following:

      a. failing to maintain the area, specifically the concrete pavement area in a condition which would protect and safeguard persons lawfully upon said premises;

      b. permitting said area, specifically the concrete pavement area to become and remain defective so as to constitute a menace, danger, nuisance or trap to persons lawfully upon Defendant's premises;

      c. failing to have the concrete pavement area inspected at reasonable intervals in order to determine the condition of same;

      d. failing to warn persons using said area of these dangerous conditions;

      e. disregarding the rights and safety of the Plaintiff and other persons lawfully upon said surface;

      f. failure to barricade and/or warn Plaintiff and other persons lawfully upon said premises of the dangerous condition existing thereon;

      g. failing to use due care under the circumstances;

      h. creating a trap or nuisance, specifically the concrete pavement area;

      i. creating a dangerous condition, specifically the concrete pavement area.

48.     The negligence and carelessness of the Defendant, Nassimi Realty Corp. its agents, servants, workmen, contractors, sub-contractors, and/or employees as set forth herein was

17

the proximate and sole cause of the injuries and damages to the Plaintiff's decedent and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson demands judgment against the Defendant, Nassimi Realty Corp. its agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT XI
## 1ST CAUSE OF ACTION
## WRONGFUL DEATH

49.    Plaintiff incorporates by reference the preceding paragraphs as though each were set forth herein at length.

50.    Plaintiff brings this action pursuant to the Wrongful Death Act 42 Pa. C.S.A. Section 801 and claims all damages recoverable under the Pennsylvania Wrongful Death Act.

51.    The names and last known addresses of all persons who may be entitled by law to recover damages, as well as their relations to decedent Rosalyn Robinson are as follows:

         a.  Arthur Long, Husband
            1252 N. Taney Street, Apt. B
            Philadelphia, PA 19121

         b.  Ari Long, Son
            1252 N. Taney Street, Apt. B
            Philadelphia, PA 19121

         c.  Sasha Samuels Daughter
            1252 N. Taney Street, Apt. B
            Philadelphia, PA 19121

         d.  Sylvia Robinson, Daughter
            1252 N. Taney Street, Apt. B
            Philadelphia, PA 19121

         e.  Sieani Cropper (nee Rhone), Daughter
            12 Newland Court

18

Newark, DE 19713

52.     As a direct and proximate result of the foregoing, the Decedent's Wrongful Death beneficiaries have been, continue to be, and will in the future be deprived of his counsel, services, companionship and society.

53.     As a direct and proximate result of the Defendants' negligence and carelessness as set forth above, which is incorporated herein, Rosalyn Robinson's Wrongful Death beneficiaries suffered, are suffering, and will, for an indefinite period of time in the future suffer damages, injuries and losses including but not limited to, a loss of financial support, and the beneficiaries have been wrongfully deprived of the contributions they would have received from him, including monies which he would have provided for items such as clothing, food, shelter, medical care, education and entertainment, recreation and gifts.

54.     As a direct and proximate result of the Defendants' negligence and carelessness as set forth above, which is incorporated herein, Rosalyn Robinson's Wrongful Death beneficiaries have been caused to incur and pay various expenses for medical treatment, hospital care, custodial care, nursing care and medications, and funeral and other expenses related to his death.

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson demands judgment against all of the above-named Defendants, and their agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT IV
## 2ND CAUSE OF ACTION
## SURVIVAL ACTION

55.     Plaintiff incorporates by reference the preceding paragraphs as though each were set forth herein at length.

Case ID: 210302707

56.     Plaintiff brings this action on behalf of the Estate of Rosalyn Robinson, deceased, by virtue of the Survival Act, 42 Pa. C.S.A. . § 8302, and claims all benefits of the Survival Act on behalf of Rosalyn Robinson's Estate and other persons entitled to recover under law.

57.     As a direct and proximate result of the Defendants' negligence and carelessness as set forth above, which is incorporated herein, Plaintiff claims on behalf of the Estate of Rosalyn Robinson all damages suffered by the Estate by reason of the death of Rosalyn Robinson including without limit the generality of the following:  the severe injuries to Rosalyn Robinson which resulted in his death; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Rosalyn Robinson suffered prior to his death; the loss of past, present and future earning capacity suffered by Rosalyn Robinson from the date of his death until the time in the future he would have lived had he not died as a result of the injuries he sustained; expenses for medical care; the loss and total imitation and deprivation of his normal activities, enjoyment of life, pursuits and life's pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained.

WHEREFORE, Plaintiff, Arthur Long, Administrator of the Estate of Rosalyn L. Robinson demands judgment against all of the above-named Defendants, and their agents, servants, workmen, contractors, sub-contractors and/or employees, jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

<div style="text-align:right">

**STAMPONE O'BRIEN DISLHEIMER LAW**

BY: _____

KEVIN P. O'BRIEN, ESQUIRE
Attorney for Plaintiff(s)

</div>

## VERIFICATION

KEVIN P. O'BRIEN, ESQUIRE, states that he is the attorney for the Plaintiff herein, that he is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa.C.S.A., Section 4904, relating to unsworn falsification to authorities.

_____
KEVIN P. O'BRIEN, ESQUIRE
Attorney for Plaintiff

# EXHIBIT "A"

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

N⁰ **A0428-2019**

ESTATE OF **ROSALYN L. ROBINSON**

Social Security No. **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**

WHEREAS,   **ROSALYN L. ROBINSON**

late of   **2021 N. 20TH ST., PHILADELPHIA, PA 19121**

died on the **27th** day of **September** , **2018** ; and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to **ARTHUR LONG**

who ha s duly qualified as **Administrator** of the estate of the above named decedent and ha s agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the **31st** day of **January** **2019**

_Deputy Register_

10-36(Rev. 10/99)

Case ID: 210302707

# EXHIBIT "B"

Case ID: 210302707

182.966

**MCDONNELL & ASSOCIATES, P.C.**
By:  Patrick J. McDonnell, Esquire
Attorney I.D. No.  62310
Email: pmcdonnell@mcda-law.com
By: Laquan T. Lightfoot, Esquire
Attorney I.D. No.  318716
Email: llightfoot@mcda-law.com
860 First Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575

<table>
<tr><td><u>**To All Parties:**</u> You are hereby notified to plead to the enclosed New Matter and New Matter Crossclaims within twenty (20) days of service hereof or judgment may be entered against you.<br><br><u>/s/ Laquan T. Lightfoot</u><br>Laquan T. Lightfoot, Esquire<br>*Attorney for Walmart Defendants*</td></tr>
</table>

Filed and Attested by the
Office of Judicial Records
18 FEB 2020 04:58 pm
A. STAMATO

*Attorneys for Defendants Wal-Mart Stores East, Inc.
and Wal-Mart Stores East, LP,*

| | |
|---|---|
| ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON and ARTHUR LONG, <br>            Plaintiffs, <br><br> v. <br><br> WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP, CEDARBROOK PLAZA, CEDARBROOK PLAZA LOT STORES, INC., CEDARBROOK PLAZA MANAGEMENT, CO., CEDARBROOK PLAZA, INC., NASSIMI REALTY, LLC, NASSIMI REALTY HOLDINGS, and NASSIMI REALTY CORP., <br>            Defendants. | IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PENNSYLVANIA <br><br><br> DECEMBER TERM, 2019 <br> No: 03322 <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS WAL-MART STORES EAST, INC. AND
WAL-MART STORES EAST, LP'S ANSWER TO PLAINTIFFS' COMPLAINT
<u>WITH NEW MATTER AND NEW MATTER CROSSCLAIMS</u>**

Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP (more properly

identified solely as Wal-Mart Stores East, LP), by and through their undersigned counsel, Law

Offices of McDonnell & Associates, PC, hereby answer Plaintiffs' Complaint, generally denies

the allegations of Plaintiffs' Complaint pursuant to Pennsylvania Rule of Civil Procedure

1029(e), and assert their New Matter and New Matter Crossclaims as follows:

1

1.      Denied.  Answering Defendants deny the averments in paragraph one (1) to the extent that it makes no allegations against them.

2.      Denied.  Answering Defendants deny the averments in paragraph two (2) to the extent that it makes no allegations against them.

3.      Denied.  Answering Defendants deny the averments in paragraph three (3) to the extent that it makes no allegations against them.

4.      Admitted in part; denied in part and denied as stated. It is admitted only that Wal-Mart Stores East, Inc. is a corporation. Any remaining allegations in paragraph four (4) are otherwise denied as stated and generally denied pursuant to Rule 1029(e).

5.      Admitted in part; denied in part and denied as stated. It is admitted only that Wal-Mart Stores East, LP is a limited partnership authorized to do business in the Commonwealth of Pennsylvania. Any remaining allegations in paragraph five (5) are otherwise denied and denied as stated.

6.-13.  Denied.  Answering Defendants deny the averments in paragraphs six (6) through thirteen (13) to the extent that they makes no allegations against them.

14.     Denied. The averments in this paragraph are denied as conclusions of law to which no response is required and otherwise generally denied pursuant to Rule 1029(e).

15.     Denied. The averments in this paragraph are generally denied pursuant to Rule 1029(e).

16.     Admitted in part; denied in part. It is admitted only that Wal-Mart Stores East, LP maintained and operated the Walmart Store located at 1000 Easton Road, in Wyncote, Pennsylvania, that being Walmart Store #5229. It is denied that Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP owned the subject premises or were otherwise responsible for the maintenance of the premises outside of Walmart Store #5229, including the

Case ID: 210302707

concrete pavement are where Plaintiff allegedly fell. The remaining allegations in this paragraph are specifically denied and generally denied pursuant to Rule 1029(e).

13.     Denied. After reasonable investigation, Answering Defendants are unable to respond to allegations regarding unnamed agents, servants, workmen, contractors, subcontractors and/or employees; these averments are therefore denied. The remaining allegations in this paragraph are generally denied pursuant to Rule 1029(e).

14.[1]    Denied. The averments in this paragraph are generally denied pursuant to Rule 1029(e).

15.-18. Denied. The averments in paragraphs 15 through 18 are generally denied pursuant to Rule 1029(e).

## COUNT I
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. WAL-MART STORES EAST, INC.

19.     Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

20.(a)-(i)[2] Denied. The allegations in this paragraph and its subparts are generally denied pursuant to Rule 1029(e).

21.     Denied. After reasonable investigation, Answering Defendants are unable to respond to allegations regarding unnamed agents, servants, workmen, contractors, subcontractors and/or employees; these averments are therefore denied. The remaining allegations in this paragraph are generally denied pursuant to Rule 1029(e).

---

[1] The phrase "including, but not limited to" and the averment "various other ills and injuries which the Plaintiff yet suffers and may continue to suffer for indefinite time into the future" contained within Paragraph 14 were stricken by stipulation of Answering Defendants and Plaintiffs filed with the Court of Common Pleas on February 7, 2020. A true and correct copy of the stipulation is attached hereto as Exhibit "A."
[2] The phrase "but is not limited to" contained within Paragraph 20 was stricken by stipulation of Answering Defendants and Plaintiffs. *See* Exhibit "A."

3

Case ID: 210302702

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## COUNT II
### ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. WAL-MART STORES EAST, LP

22.     Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

23.(a)-(i)[3] Denied. The allegations in this paragraph and its subparts are generally denied pursuant to Rule 1029(e).

24.     Denied. After reasonable investigation, Answering Defendants are unable to respond to allegations regarding unnamed agents, servants, workmen, contractors, subcontractors and/or employees; these averments are therefore denied. The remaining allegations in this paragraph are generally denied pursuant to Rule 1029(e).

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## COUNT III
### ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. CEDARBROOK PLAZA

25.     Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

26.(a)-(i) Denied. Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

---

[3] The phrase "but is not limited to" contained within Paragraph 23 was stricken by stipulation of Answering Defendants and Plaintiffs. *See* Exhibit "A."

4

27.     Denied. After reasonable investigation, Answering Defendants are unable to respond to allegations regarding unnamed agents, servants, workmen, contractors, subcontractors and/or employees; these averments are therefore denied. By way of further answer, Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## COUNT IV
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. CEDARBROOK PLAZA LOT STORES, INC.

28.     Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

29.(a)-(i) Denied. Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

30.     Denied. After reasonable investigation, Answering Defendants are unable to respond to allegations regarding unnamed agents, servants, workmen, contractors, subcontractors and/or employees; these averments are therefore denied. By way of further answer, Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## COUNT V
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. CEDARBROOK PLAZA MANAGEMENT CO.

31.     Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

32.(a)-(i) Denied. Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

33.     Denied. After reasonable investigation, Answering Defendants are unable to respond to allegations regarding unnamed agents, servants, workmen, contractors, subcontractors and/or employees; these averments are therefore denied. By way of further answer, Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

**WHEREFORE,** Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## COUNT VI
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. CEDARBROOK PLAZA, INC.

34.     Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

35.(a)-(i) Denied. Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

36.     Denied. After reasonable investigation, Answering Defendants are unable to respond to allegations regarding unnamed agents, servants, workmen, contractors, subcontractors and/or employees; these averments are therefore denied. By way of further answer, Answering

Case ID: 210302707

Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## COUNT VII
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. NASSIMI CORPORATION

37.    Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

38.(a)-(i) Denied. Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

39.    Denied. After reasonable investigation, Answering Defendants are unable to respond to allegations regarding unnamed agents, servants, workmen, contractors, subcontractors and/or employees; these averments are therefore denied. By way of further answer, Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## COUNT VIII
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. NASSIMI REALTY LLC

40.    Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

Case ID: 210302707

41.(a)-(i) Denied. Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

42.     Denied. After reasonable investigation, Answering Defendants are unable to respond to allegations regarding unnamed agents, servants, workmen, contractors, subcontractors and/or employees; these averments are therefore denied. By way of further answer, Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## COUNT IX
## ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON VS. NASSIMI REALTY HOLDINGS

43.     Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

44.(a)-(i) Denied. Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

45.     Denied. After reasonable investigation, Answering Defendants are unable to respond to allegations regarding unnamed agents, servants, workmen, contractors, subcontractors and/or employees; these averments are therefore denied. By way of further answer, Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

8

<u>**COUNT X**</u>
<u>**ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON**</u>
<u>**VS. NASSIMI REALTY CORP.**</u>

46.     Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

47.(a)-(i) Denied. Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

48.     Denied. After reasonable investigation, Answering Defendants are unable to respond to allegations regarding unnamed agents, servants, workmen, contractors, subcontractors and/or employees; these averments are therefore denied. By way of further answer, Answering Defendants deny the allegations in this paragraph and its subparts to the extent that it makes no allegations against them.

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

<u>**COUNT XI**</u>
<u>**1ST CAUSE OF ACTION**</u>
<u>**WRONGFUL DEATH**</u>

49.     Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

50.     Denied. These averments are denied as conclusions of law to which no response is required and otherwise generally denied pursuant to Rule 1029(e).

51.     Denied. The averments in this paragraph are denied as conclusions of law to which no response is required and otherwise generally denied pursuant to Rule 1029(e).

Case ID: 210302702

52[4].-54. Denied. The averments in paragraphs 52 through 54 are generally denied pursuant to Rule 1029(e).

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

<div align="center">

**COUNT IV**
**2nd CAUSE OF ACTION**
**SURVIVAL ACTION**

</div>

55.    Answering Defendants hereby incorporate by reference all responses above as if fully set forth at length herein.

56.    Denied. These averments are denied as conclusions of law to which no response is required and otherwise generally denied pursuant to Rule 1029(e).

57.    Denied. The averments in this paragraph are generally denied pursuant to Rule 1029(e).

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, hereby demand judgment in their favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

<div align="center">

**NEW MATTER**

</div>

58.    Wal-Mart Stores East, Inc. owed no duty to Plaintiffs.

59.    Wal-Mart Stores East, LP owed no duty to Plaintiffs.

60.    Wal-Mart Stores East, Inc. breached no duty to Plaintiffs.

61.    Wal-Mart Stores East, LP breached no duty to Plaintiffs.

62.    Plaintiff **Estate of Rosalyn L. Robinson** (hereinafter "Plaintiff Decedent") failed to take due care for her own safety.

---

[4] The phrase "including, but not limited to" contained within Paragraph 53 was stricken by stipulation of Answering Defendants and Plaintiffs. *See* Exhibit "A."

Case ID: 210302702

63.     Plaintiffs' claims are barred because Plaintiff Decedent was injured as a result of an assumed risk.

64.     Plaintiffs' claims and causes of action are barred by operation of the applicable statute of limitations.

65.     If Plaintiff Decedent failed to follow the advice and direction of her health care providers regarding recommended treatment, then Plaintiffs' recovery is barred or reduced by Plaintiff Decedent's failure to mitigate damages.

66.     If Plaintiff Decedent sustained damages, such damages were caused by the negligence of a third party or parties over which Walmart Defendants exercised no control.

67.     If Plaintiff Decedent sustained damages, such damages were caused by intervening or superseding events or factors over which Walmart Defendants exercised no control.

68.     If Plaintiffs executed a Release releasing any person or entity from liability arising from the accident or occurrence described in Plaintiffs' Complaint, Walmart Defendants are similarly released from any such liability.

69.     If Plaintiffs seek compensatory damages for expenses related to medical tests, medications, and treatment, such damages are reduced by the holding in Moorhead v. Crozer Chester Medical Center, 557 Pa. 630 (1998) to the amounts actually due and payable.

70.     Plaintiffs' claims and causes of action are barred by reason of Plaintiff Decedent's contributory negligence, or alternatively, are reduced by the percentage of her comparative negligence.

71.     Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted in Plaintiffs' favor.

Case ID: 210302707

72.     Plaintiffs' claims and cause of action are barred by the doctrines of waiver and estoppel.

73.     Plaintiff Decedent's damages, if any, are limited by the presence of any pre-existing conditions.

74.     Plaintiffs' claims are subject to the "Fair Share" law, 42 Pa.C.S. 7102.  In the event that recovery is allowed against any of the Walmart Defendants and liabilities attributed to any of the Walmart Defendants, each defendant to this action will be liable for only that portion of the total dollar amount awarded as damages in the ratio of the amount of the defendants' liability to the amount of liability attributed to all defendants and other persons to whom liability is apportioned including those parties that may be joined as additional defendants.

75.     Walmart Defendants hereby incorporate and asserts the Fair Share Act, 42 Pa.C.S. § 7102, and assert that the defendants' liability shall at all times be several and not joint.

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP hereby demand judgment in their favor and against all other parties, together with costs and attorneys' fees and such other relief that this Court deems just and appropriate. Alternatively, Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP demand that Defendants Cedarbrook Plaza, Cedarbrook Plaza Lot Stores, Inc., Cedarbrook Plaza Management Co., Cedarbrook Plaza, Inc., Nassimi Corporation, Nassimi Realty, LLC, Nassimi Realty Holdings and Nassimi Realty Corp. are jointly and severally liable to Plaintiffs or liable to Walmart Defendants by way of contribution and/or indemnity.

Case ID: 210302702

**NEW MATTER CROSS-CLAIM AGAINST CO-DEFENDANTS CEDARBROOK
PLAZA, CEDARBROOK PLAZA LOT STORES, INC., CEDARBROOK PLAZA
MANAGEMENT CO., CEDARBROOK PLAZA, INC., NASSIMI CORPORATION,
NASSIMI REALTY, LLC, NASSIMI REALTY HOLDINGS AND NASSIMI REALTY
CORP. FOR COMMON LAW CONTRIBUTION AND/OR INDEMNIFICATION**

76.     For purposes of this New Matter Cross Claim, and subject to the denials set forth

in Walmart Defendants' Answer to Plaintiffs' Complaint with New Matter, Walmart Defendants

incorporate by reference the factual allegations of Plaintiffs' Complaint but does not adopt them.

77.     If Plaintiffs sustained injuries and damages as alleged, which allegations are

herein expressly denied, the incident injuries and damages were caused by the actions,

omissions, negligence, carelessness, and other liability-producing conduct on the part of Co-

Defendants, Cedarbrook Plaza, Cedarbrook Plaza Lot Stores, Inc., Cedarbrook Plaza

Management Co., Cedarbrook Plaza, Inc., Nassimi Corporation, Nassimi Realty, LLC, Nassimi

Realty Holdings and Nassimi Realty Corp., any liability on the part of Walmart Defendants

being expressly denied.

78.     In the event Plaintiffs receive by verdict, settlement, or otherwise any payment

related to this matter, Walmart Defendants assert that Co-Defendants Cedarbrook Plaza,

Cedarbrook Plaza Lot Stores, Inc., Cedarbrook Plaza Management Co., Cedarbrook Plaza, Inc.,

Nassimi Corporation, Nassimi Realty, LLC, Nassimi Realty Holdings and Nassimi Realty Corp.

are alone liable to Plaintiffs, jointly and severally liable to Plaintiffs, or liable over to Walmart

Defendants on Plaintiffs' cause of action.

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores

East, LP hereby demand judgment in their favor and against all other parties, together with costs,

**attorneys'** fees and such other relief that this Court deems just and appropriate. Alternatively,

Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP demand that Defendants

Cedarbrook Plaza, Cedarbrook Plaza Lot Stores, Inc., Cedarbrook Plaza Management Co.,

13

Cedarbrook Plaza, Inc., Nassimi Corporation, Nassimi Realty, LLC, Nassimi Realty Holdings and Nassimi Realty Corp. are jointly and severally liable to Plaintiffs or liable to Walmart Defendants by way of common law contribution and/or indemnity.

**NEW MATTER CROSS-CLAIM AGAINST CO-DEFENDANTS CEDARBROOK PLAZA, CEDARBROOK PLAZA LOT STORES, INC., CEDARBROOK PLAZA MANAGEMENT CO., CEDARBROOK PLAZA, INC., NASSIMI CORPORATION, NASSIMI REALTY, LLC, NASSIMI REALTY HOLDINGS AND NASSIMI REALTY CORP. FOR CONTRACTUAL CONTRIBUTION AND/OR INDEMNIFICATION**

79.     For purposes of this New Matter Cross Claim and subject to the denials set forth in Walmart Defendants' Answer to Plaintiffs' Complaint, Walmart Defendants incorporate by reference the factual allegations of Plaintiffs' Complaint but does not adopt them.

80.     If Plaintiffs sustained injuries and damages as alleged, which allegations are herein expressly denied, then said injuries and damages were caused by the actions, omissions, negligence and carelessness and other liability-producing conduct on the part of Co-Defendants, Cedarbrook Plaza, Cedarbrook Plaza Lot Stores, Inc., Cedarbrook Plaza Management Co., Cedarbrook Plaza, Inc., Nassimi Corporation, Nassimi Realty, LLC, Nassimi Realty Holdings and Nassimi Realty Corp., and were caused in no manner whatsoever by Walmart Defendants.

81.     In the event Plaintiffs receive a verdict, settlement or otherwise any payment related to this matter, Walmart Defendants assert that Co-Defendants Cedarbrook Plaza, Cedarbrook Plaza Lot Stores, Inc., Cedarbrook Plaza Management Co., Cedarbrook Plaza, Inc., Nassimi Corporation, Nassimi Realty, LLC, Nassimi Realty Holdings and Nassimi Realty Corp. are alone liable to Plaintiffs and/or jointly and severally liable with Walmart Defendants and/or liable over to Walmart Defendants by way of contractual contribution and/or indemnification.

**WHEREFORE**, Answering Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP deny any liability and demand judgment in their favor and against Plaintiffs and/or against Co-Defendants Cedarbrook Plaza, Cedarbrook Plaza Lot Stores, Inc., Cedarbrook Plaza Management Co., Cedarbrook Plaza, Inc., Nassimi Corporation, Nassimi Realty, LLC, Nassimi Realty Holdings and Nassimi Realty Corp. for any judgment rendered in favor of Plaintiffs, together with costs and attorneys' fees in this matter. Alternatively, Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP demand that Defendants Cedarbrook Plaza, Cedarbrook Plaza Lot Stores, Inc., Cedarbrook Plaza Management Co., Cedarbrook Plaza, Inc., Nassimi Corporation, Nassimi Realty, LLC, Nassimi Realty Holdings and Nassimi Realty Corp. are jointly and severally liable to Plaintiffs or liable to Walmart Defendants by way of contractual contribution and/or indemnity.

Respectfully submitted,

**McDONNELL & ASSOCIATES, P.C.**

By: */s/ Laquan T. Lightfoot*

Patrick J. McDonnell, Esquire
Laquan T. Lightfoot, Esquire
*Attorneys for Defendants Wal-Mart Stores
East, Inc. and Wal-Mart Stores East, LP*

Dated: February 18, 2020

15

| | |
|---|---|
| ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON and ARTHUR LONG,<br>      Plaintiffs,<br><br>      v.<br><br>WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP, CEDARBROOK PLAZA, CEDARBROOK PLAZA LOT STORES, INC., CEDARBROOK PLAZA MANAGEMENT, CO., CEDARBROOK PLAZA, INC., NASSIMI REALTY, LLC, NASSIMI REALTY HOLDINGS, and NASSIMI REALTY CORP.,<br>      Defendants. | : IN THE COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY, PENNSYLVANIA<br>:<br>:<br>:<br>:<br>:<br>: DECEMBER TERM, 2019<br>: No: 03322<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **VERIFICATION**

I, Laquan T. Lightfoot, Esquire, hereby verify and state that I am counsel for Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP in the above-referenced action and that the facts set forth in Defendants', Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, Answer to Plaintiffs' Complaint with New Matter and New Matter Cross-Claims are true and correct to the best of my knowledge, information and belief. The verification of the Store Manager was unavailable at the time of filing, but a substitute verification is forthcoming. I understand that I make this verification subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: February 18, 2020

                                     _/s/ Laquan T. Lightfoot_
                                     Laquan T. Lightfoot Esquire

Case ID: 191203322

| | |
|---|---|
| ARTHUR LONG, ADMINISTRATOR OF THE ESTATE OF ROSALYN L. ROBINSON and ARTHUR LONG, <br>　　　　　Plaintiffs, <br><br>　　　　v. <br><br>WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP, CEDARBROOK PLAZA, CEDARBROOK PLAZA LOT STORES, INC., CEDARBROOK PLAZA MANAGEMENT, CO., CEDARBROOK PLAZA, INC., NASSIMI REALTY, LLC, NASSIMI REALTY HOLDINGS, and NASSIMI REALTY CORP., <br>　　　　　Defendants. | : IN THE COURT OF COMMON PLEAS <br>: PHILADELPHIA COUNTY, PENNSYLVANIA <br>: <br>: <br>: <br>: <br>: <br>: DECEMBER TERM, 2019 <br>: No: 03322 <br>: <br>: JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Laquan T. Lightfoot, Esquire hereby certify that the foregoing **Answer to Plaintiff's** Complaint with New Matter and New Matter Crossclaims was filed electronically with the Court and is available for viewing and downloading from the First Judicial District Electronic Filing System. The filed document was served via electronic mail by First Judicial District Electronic Filing System on the following registered E-Filing User:

Andrea M. Sasso, Esquire
**STAMPONE O'BRIEN DILSHEIMER LAW**
500 Cottman Avenue
Cheltenham, PA 19012
*Attorneys for Plaintiffs*

Lisa Bellino Apelian, Esquire
**DENGLER & LIPSKI**
2000 Market Street, Suite 1100
Philadelphia, PA 19103
*Attorneys for Defendants Cedarbrook Plaza, Cedarbrook Plaza Lot Stores, Inc., Cedarbrook Plaza Management Co., Cedarbrook Plaza, Inc., Nassimi Corporation, Nassimi Realty, LLC, Nassimi Realty Holdings and Nassimi Realty Corp.*

|  |  |  |
|---|---|---|
|  |  | **MCDONNELL & ASSOCIATES, P.C.** |
| Dated:  February 18, 2020 | By: | */s/ Laquan T. Lightfoot* |
|  |  | Laquan T. Lightfoot, Esquire |
|  |  | *Attorneys for Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP* |

17

# EXHIBIT

# A

**EXHIBIT A**

Filed and Attested by the
Office of Judicial Records
06 FEB 2020 03:11 pm
E. MEENAN

| | |
|---|---|
| ARTHUR LONG, ADMINISTRATOR | : IN THE COURT OF COMMON PLEAS |
| OF THE ESTATE OF ROSALYN L. | : PHILADELPHIA COUNTY, PENNSYLVANIA |
| ROBINSON and | : |
| ARTHUR LONG, | : |
| Plaintiffs, | : |
| | : |
| v. | : DECEMBER TERM, 2019 |
| | : No: 03322 |
| WAL-MART STORES EAST, INC., | : |
| WAL-MART STORES EAST, LP, | : |
| CEDARBROOK PLAZA, | : JURY TRIAL DEMANDED |
| CEDARBROOK PLAZA LOT | : |
| STORES, INC., CEDARBROOK PLAZA | : |
| MANAGEMENT, CO., CEDARBROOK | : |
| PLAZA, INC., NASSIMI REALTY, LLC, | : |
| NASSIMI REALTY HOLDINGS, and | : |
| NASSIMI REALTY CORP., | : |
| Defendants. | : |

## STIPULATION

Plaintiffs, Arthur Long and Estate of Rosalyn L. Robinson, and Defendants, Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP, by and through their undersigned counsel, hereby **AGREE** and **STIPULATE** that the following averments and phrases are **STRICKEN WITH PREJUDICE** from Plaintiffs' Complaint:

> (1)     Any use of the phrases "including, but not limited to" and "but is not limited to," Plaintiffs' Complaint, ¶¶ 14, 20, 23 and 53; and

> (2)     The averment "various other ills and injuries which the Plaintiff yet suffers and may continue to suffer for an indefinite time into the future," ¶ 14.

Defendants Wal-Mart Stores East, Inc. and Wal-Mart Stores East, LP shall file their Answer with New Matter within ten (10) days of the date of filing of this Stipulation.

STAMPONE, O'BRIEN, DILSHEIMER LAW

_____
Kevin O'Brien, Esquire
Andrea M. Sasso, Esquire
*Attorneys for Plaintiffs*

Dated: 2.2-2020

McDONNELL & ASSOCIATES, PC

_____
~~Laquan T. Lightfoot, Esquire~~ *Patrick J. McDonnell, Esq.*
*Attorneys for Defendant Wal-Mart*
*Stores East, Inc. and Wal-Mart*
*Stores East, LP*

Dated: 2/6/2020

# EXHIBIT "C"

Case ID: 210302707

9. **COMMON AREAS**

(A) All areas of the Shopping Center that do not contain buildings shall be known as "common areas" of the Shopping Center. The areas marked "Parking" on the Lease Plan shall at all times be maintained as parking areas and driveways and footways incidental thereto. Landlord agrees that at all times, except for temporary causes beyond the reasonable control of Landlord, there will be free and uninterrupted access from Cheltenham Avenue and Easton Road to the common areas both for pedestrians and motor vehicles. The parking spaces, driveways and footways in the Shopping Center, the entrances and exits of the Shopping Center, the lighting equipment of the Shopping Center shall be as denoted on the Lease Plan and shall not be changed without the consent of Tenant in writing, which consent shall not be unreasonably withheld or unduly delayed. If any highway median strip cross-over now existing near the Shopping Center shall be relocated, or if the installation hereafter of a highway median strip shall include a cross-over near the Shopping Center, then Landlord shall, subject to obtaining the consent of any governmental authority having jurisdiction, make such relocation of the entrances and exits of the Shopping Center and the driveways of the Shopping Center and such changes in the traffic flow pattern of the Shopping Center as shall be reasonably necessary to conform the same to such new median strip cross-over. Tenant and all persons having business with Tenant shall have the right to use, in common with all other tenants of the Shopping Center and all persons having business with such other tenants, all parking areas, driveways and footways of the Shopping Center, except only that adjacent to each service door of any store a reasonable area may be reserved for the exclusive use of said store for loading and unloading, Landlord hereby agreeing that Tenant shall have the exclusive use of a reasonable portion of the common areas adjacent to each service door of the demised premises for loading and unloading. No person may utilize any part of the common areas of the Shopping Center for any business purpose without Landlord's and Tenant's written consent.

(B) Landlord agrees that without the reasonable consent of Tenant in writing, no persons shall have any rights on the parking areas, driveways and footways of the Shopping Center other than Landlord and tenants of the Shopping Center and persons having business with Landlord and such tenants. In the event any adjacent land is added to the Shopping Center, it is understood and agreed that all the restrictions contained in this Lease pertaining to the Shopping Center shall apply to such adjacent land. Landlord shall, upon Tenant's request, provide such security

Case ID: 210302707

in and about the common areas, such security to include, among others things, security officers and patrols, security lighting and other measures as may be reasonably necessary to provide a secure and safe environment within the Shopping Center.  The costs incurred in providing such security shall be part of Annual Common Area Costs (as hereinafter defined).

(C) Landlord, at its sole cost and expense, will maintain public liability insurance with respect to the common areas in amounts of not less than a combined single limit of Three Million Dollars ($3,000,000.00) per occurrence with respect either to injury to person or damage to property, and will name Tenant as an additional insured.  The aforesaid limits of public liability insurance shall be increased from time to time if higher limits shall customarily be carried upon similar Shopping Centers in the state within which the Shopping Center is located. Such policies of insurance shall be issued for periods of not less than one (1) year by responsible insurance companies well rated by national rating organizations (Best's B+ or better) and authorized to do business in the state in which the Shopping Center is situated.  Such insurance may be maintained under a blanket policy covering the Shopping Center and other real estate of Landlord and/or its affiliated business organizations. Landlord shall deliver such policies to Tenant at least fifteen (15) days prior to the commencement of the term of this Lease, and each renewal policy at least ten (10) days  prior to the expiration of the policy it renews.  In lieu of delivering any policy of insurance to Tenant, Landlord may deliver to Tenant a certificate of the company issuing such policy.  All such insurance policies shall provide that such policies shall not be cancelled or the coverage provided thereby modified without at least thirty (30) days prior written notice to Tenant.  Tenant shall pay to Landlord as additional rent, Tenant's Fraction (as defined in Section (E) of this Article 9), of the premiums paid by Landlord for the liability insurance described in this Section 9(C) provided, however, that in no event shall Tenant be required to pay Tenant's Fraction of such premiums which are in excess of the premiums which would have been charged to Landlord by Landlord's insurance carrier for a public liability insurance policy with combined single limit coverage of Ten Million Dollars ($10,000,000.00).

(D) Landlord agrees that it will keep in reasonably good repair and condition all common areas of the Shopping Center, the Pylon Sign and the lighting system and the drainage system serving said common areas, that it will keep the parking areas and driveways suitably paved and marked for parking and traffic flow, that it will provide security when the same shall be necessary, that it will keep all common areas and the sidewalks abutting the Building and other buildings in the

9-2

Shopping Center reasonably free of refuse and obstruction, and reasonably free of snow and ice to the extent required by the business operations of the stores within the Shopping Center and that it will keep the common areas, the Pylon Sign and the identification panels thereon lighted at all times when the demised premises shall be open for business and for a reasonable period of time thereafter.  The cost to Landlord of fulfilling its obligations under the foregoing provisions of this Section (D) and the costs incurred by Landlord for seasonal and holiday decorations and promotions in the Shopping Center shall be known as the "Annual Common Area Costs".  Annual Common Area Costs shall also include a so-called supervisory, management or overhead fee or charge of not more than ten percent (10%) of the Annual Common Area Costs during each lease year.  Notwithstanding anything in this Lease to the contrary, Annual Common Area Costs shall not include (i) the cost of making any improvement, repair or replacement of a nature that is properly chargeable to a capital account according to usual and customary accounting practices ("Capital Repair"), provided, however, that Landlord shall be entitled to include in Annual Common Area Costs during each lease year, the annual amortized portion of any such Capital Repair which annual amortized portion shall be determined in accordance with a straight line method of amortization and the life expectancy of said Capital Repair used by Landlord for federal income tax purposes (ii) any so-called supervisory or overhead fees and charges in excess of ten percent (10%) of the Annual Common Area Costs during such lease year, exclusive of the insurance premiums for the insurance Landlord is obligated to maintain as set forth in Section 9 (C), (iii) expenses relating to any enclosed mall and (iv) the cost of making any improvement, repair or replacement the cost of which Landlord is reimbursed by insurance or for which Landlord receives reimbursement from any third party.

(E) Commencing with the first year of the term of this Lease and during each year thereafter, Tenant agrees to pay to the Landlord, within thirty (30) days after submission of a bill therefor, Tenant's Fraction of all Annual Common Area Costs. Tenant's Fraction as used in this Lease, shall mean a fraction, the numerator of which shall be the floor area of the demised premises and the denominator of which shall be the floor area of all buildings in the Shopping Center, provided, however, that the floor area of the upper floor of the Building shall not be counted until such time as, and to the extent that, the upper floor or portions thereof are leased, used or occupied.  As the number of square feet of floor area may change during any period (or the upper floor may be so leased, used or occupied), Tenant's Fraction may change during said lease year, and the amount payable by Tenant for said lease year pursuant to the provisions of this Section (E) shall reflect such changes in square footage.

9-3