**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WAL-MART STORES EAST, LP, | CIVIL ACTION |
| Plaintiff, | No. 2:21-cv-01974 |
| v. | |
| ZURICH NORTH AMERICA, INC. d/b/a ZURICH AMERICAN INSURANCE COMPANY, | [This Document has been Electronically Filed] |
| Defendant. | |

**DEFENDANT, ZURICH AMERICAN INSURANCE COMPANY'S**
**ANSWER TO COMPLAINT**

Defendant, Zurich American Insurance Company ("Zurich"), incorrectly named as "Zurich North America, Inc. d/b/a Zurich American Insurance Company", by and through its undersigned attorneys, hereby submits its Answer to Plaintiff, Wal-Mart Stores East, LP.'s ("Wal-Mart") Complaint,[1] together with affirmative defenses as follows:

1.      Admitted, upon information and belief.

2.      Admitted, upon information and belief.

3.      Admitted only that Defendant Zurich American Insurance Company is a New York corporation, with its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  It is authorized to transact business and has transacted business in Pennsylvania.  Zurich American Insurance Company is incorrectly named in Wal-Mart's Complaint as "Zurich North

---

[1] To the extent that Zurich may use terms defined in Wal-Mart's Complaint or headings utilized in that pleading in this Answer, such use is not an admission of any characterization Wal-Mart may seek to associate with any such defined term or heading.

America, Inc. d/b/a Zurich American Insurance Company". Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

4.       Admitted only that Zurich American Insurance Company is authorized to transact business and has transacted business in Pennsylvania. Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

5.       Denies the allegations of the corresponding paragraph of Wal-Mart's Complaint as they comprise conclusions of law to which no response is required and are, thus, deemed denied.

6.       Admits only that Wal-Mart has filed the instant action against Zurich. The pleadings and other litigation-related documents in this action are a matter of record and writings which speak for themselves. Wal-Mart's purported characterization or summary of this action is denied to the extent same is inconsistent with the pleadings and other litigations-related documents in this action. Denies Wal-Mart's purported summary or characterization of the so-called "Robinson action", the operative pleadings of which are writings which speak for themselves, to the extent inconsistent with those operative pleadings in the Robinson action. Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

7.       Admits that Wal-Mart has filed the instant action against Zurich. The pleadings and other litigation-related documents in this action are a matter of record and writings which speak for themselves. Wal-Mart's purported characterization or summary of this action is denied to the extent same is inconsistent with the pleadings and other litigation-related documents in this action. In further response, Zurich American Insurance Company issued policy No. CPO-6541241-08 (incorrectly referenced in Wal-Mart's Complaint as "Policy No. CPO-6541241"), to first named insured, Nassimi Holdings, LLC, refers to the terms, definitions, conditions precedent, limitations, and exclusions to coverage in said insurance policy, which is a writing that speaks for

2

itself, for a fair and accurate summary of the intended coverage and limitations in coverage afforded thereunder, denies Wal-Mart's purported summary or characterization of said insurance policy to the extent inconsistent with the writing itself, and otherwise denies the allegations in the corresponding paragraph of Wal-Mart's Complaint.  Further denies the allegations of the corresponding paragraph of Wal-Mart's Complaint to the extent they comprise conclusions of law to which no response is required and are, thus, deemed denied.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

8.      Denies Wal-Mart's purported summary or characterization of the so-called "Robinson action", the operative pleadings of which are writings which speak for themselves, to the extent inconsistent with those operative pleadings in the Robinson action.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

9.      Denies Wal-Mart's purported summary or characterization of the so-called "Robinson action", the operative pleadings of which are writings which speak for themselves, to the extent inconsistent with those operative pleadings in the Robinson action.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

10.     Denies Wal-Mart's purported summary or characterization of the so-called "Robinson action", the operative pleadings of which are writings which speak for themselves, to the extent inconsistent with those operative pleadings in the Robinson action.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

11.     Denies Wal-Mart's purported summary or characterization of the so-called "Robinson action", the operative pleadings of which are writings which speak for themselves, to the extent inconsistent with those operative pleadings in the Robinson action.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

12.     Denies the allegations of the corresponding paragraph of Wal-Mart's Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

13.     Denies Wal-Mart's purported summary or characterization of the so-called "Robinson action", the operative pleadings of which are writings which speak for themselves, to the extent inconsistent with those operative pleadings in the Robinson action.  Further denies the allegations of the corresponding paragraph of Wal-Mart's Complaint to the extent they comprise conclusions of law to which no response is required and are, thus, deemed denied.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

14.     Denies the allegations of the corresponding paragraph of Wal-Mart's Complaint for lack of knowledge or information sufficient to form a belief as to their truth.  Denies Wal-Mart's summary or characterization of the referenced lease, which is a purported writing which speaks for itself, to the extent inconsistent with said document.  Further denies the allegations of the corresponding paragraph of Wal-Mart's Complaint to the extent they comprise conclusions of law to which no response is required and are, thus, deemed denied.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

15.     Denies the allegations of the corresponding paragraph of Wal-Mart's Complaint for lack of knowledge or information sufficient to form a belief as to their truth.  Denies Wal-Mart's summary or characterization of the referenced lease, which is a purported writing which speaks for itself, to the extent inconsistent with said document.  Further denies the allegations of the corresponding paragraph of Wal-Mart's Complaint to the extent they comprise conclusions of law to which no response is required and are, thus, deemed denied.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

16.     Admits only that Zurich American Insurance Company issued policy No. CPO-6541241-08 (incorrectly referenced in Wal-Mart's Complaint as "Policy No. CPO-6541241"), to first named insured, Nassimi Holdings, LLC, refers to the terms, definitions, conditions precedent, limitations, and exclusions to coverage in said insurance policy, which is a writing that speaks for itself, for a fair and accurate summary of the intended coverage and limitations in coverage afforded thereunder, denies Wal-Mart's purported summary or characterization of said insurance policy to the extent inconsistent with the writing itself, and otherwise denies the allegations in the corresponding paragraph of Wal-Mart's Complaint.   Further denies the allegations of the corresponding paragraph of Wal-Mart's Complaint to the extent they comprise conclusions of law to which no response is required and are, thus, deemed denied.

17.     Denies the allegations of the corresponding paragraph of Wal-Mart's Complaint for lack of knowledge or information sufficient to form a belief as to their truth.   Denies Wal-Mart's summary or characterization of the referenced lease, which is a purported writing which speaks for itself, to the extent inconsistent with said document.   Further denies the allegations of the corresponding paragraph of Wal-Mart's Complaint to the extent they comprise conclusions of law to which no response is required and are, thus, deemed denied.   Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

18.     Admitted, upon information and belief.

19.     Denies that Zurich has rejected Wal-Mart's tender of the defense of the <u>Robinson</u> action.   To the contrary, Zurich has advised Wal-Mart, through its counsel, that Zurich has agreed to provide a defense to Wal-Mart in the <u>Robinson</u> action under a reservation of rights.   Any potential indemnity obligation in favor of Wal-Mart relative to the Robinson action is not ripe as

there has been no adverse judgment against Wal-Mart in that action.  Zurich otherwise denies each

and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

## <u>COUNT I – DECLARATORY JUDGMENT ACTION</u>

20.     Zurich incorporates by reference the admissions, denials, and averments set forth

in each of the preceding paragraphs as if the same were set forth more fully herein.

21.     Denies the allegations of the corresponding paragraph of Wal-Mart's Complaint

as they comprise conclusions of law to which no response is required and are, thus, deemed

denied.

22.     Denies the allegations of the corresponding paragraph of Wal-Mart's Complaint

as they comprise conclusions of law to which no response is required and are, thus, deemed

denied.

23.     Denies the allegations of the corresponding paragraph of Wal-Mart's Complaint

as they comprise conclusions of law to which no response is required and are, thus, deemed

denied.

24.     Denies the allegations of the corresponding paragraph of Wal-Mart's Complaint for

lack of knowledge or information sufficient to form a belief as to their truth.  Denies Wal-Mart's

summary or characterization of the referenced lease, which is a purported writing which speaks

for itself, to the extent inconsistent with said document.  Refers to the terms, definitions, conditions

precedent, limitations, and exclusions to coverage in the alleged insurance policy, which is a

writing that speaks for itself, for a fair and accurate summary of the intended coverage and

limitations in coverage afforded thereunder, denies Wal-Mart's purported summary or

characterization of said insurance policy to the extent inconsistent with the writing itself.  Further

denies the allegations of the corresponding paragraph of Wal-Mart's Complaint to the extent they

comprise conclusions of law to which no response is required and are, thus, deemed denied.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

25.     Denies Wal-Mart's purported summary or characterization of the so-called "Robinson action", the operative pleadings of which are writings which speak for themselves, to the extent inconsistent with those operative pleadings in the Robinson action.

26.     Denies the allegations of the corresponding paragraph of Wal-Mart's Complaint for lack of knowledge or information sufficient to form a belief as to their truth.  Denies Wal-Mart's summary or characterization of the referenced lease, which is a purported writing which speaks for itself, to the extent inconsistent with said document.  Refers to the terms, definitions, conditions precedent, limitations, and exclusions to coverage in the alleged insurance policy, which is a writing that speaks for itself, for a fair and accurate summary of the intended coverage and limitations in coverage afforded thereunder, denies Wal-Mart's purported summary or characterization of said insurance policy to the extent inconsistent with the writing itself.  Further denies the allegations of the corresponding paragraph of Wal-Mart's Complaint to the extent they comprise conclusions of law to which no response is required and are, thus, deemed denied.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

27.     Denies that Zurich has rejected Wal-Mart's tender of the defense of the Robinson action.  To the contrary, Zurich has advised Wal-Mart, through its counsel, that Zurich has agreed to provide a defense and potentially indemnify Wal-Mart in the Robinson action under a full reservation of rights.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

28.     Denies the allegations of the corresponding paragraph of Wal-Mart's Complaint for lack of knowledge or information sufficient to form a belief as to their truth.  Further denies the allegations of the corresponding paragraph of Wal-Mart's Complaint to the extent they comprise conclusions of law to which no response is required and are, thus, deemed denied. Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

29.     Admits only that Wal-Mart has filed the instant action against Zurich.  The pleadings and other litigation-related documents in this action are a matter of record and writings which speak for themselves.  Wal-Mart's purported characterization or summary of this action is denied to the extent same is inconsistent with the pleadings and other litigation-related documents in this action.  Further denies the allegations of the corresponding paragraph of Wal-Mart's Complaint to the extent they comprise conclusions of law to which no response is required and are, thus, deemed denied.  Zurich otherwise denies each and every allegation in the corresponding paragraph of Wal-Mart's Complaint.

**WHEREFORE**, Defendant, Zurich American Insurance Company, respectfully requests judgment in its favor and against Plaintiff, Wal-Mart Stores East, LP, with prejudice and costs, and such other and further relief as the Court may otherwise deem just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defense to Wal-Mart's Complaint and to the purported claims and requests for relief therein, Zurich asserts the following affirmative defenses.  By setting forth these Affirmative Defenses, Zurich does not assume the burden of proving any fact, issue, or element of a claim or request for relief where such burden properly belongs to the Plaintiff, Wal-Mart.  Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Zurich denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Zurich denies each and every allegation of Plaintiff's Complaint not expressly admitted herein.

## FOURTH AFFIRMATIVE DEFENSE

Zurich denies that it breached any contractual obligations, express or implied.

## FIFTH AFFIRMATIVE DEFENSE

Coverage for the purported claims and other relief sought in the Robinson action may barred or limited by the express and unambiguous terms of the coverage grants, and the various exclusions, conditions precedent, limitations, definitions, and endorsements contained in the

alleged Zurich American Insurance Company insurance policy No. CPO-6541241-08 (incorrectly referenced in Wal-Mart's Complaint as "Policy No. CPO-6541241"), to first named insured, Nassimi Holdings, LLC (the "Zurich Policy"), all of which are incorporated herein by reference and expressly advanced as affirmative defenses to each and every claim or purported claim and request for relief advanced against Zurich in this action.

<strong><u>SIXTH AFFIRMATIVE DEFENSE</u></strong>

Coverage under the Zurich Policy is barred, in whole or in part, to the extent Wal-Mart Stores East, LP does not qualify as an "insured" or "additional insured" under any Zurich insurance policy.

<strong><u>SEVENTH AFFIRMATIVE DEFENSE</u></strong>

Additional insured coverage under the Zurich Policy does not extend to any putative additional insured's own causal negligence or other act or omission.

<strong><u>EIGHTH AFFIRMATIVE DEFENSE</u></strong>

Additional insured coverage under the Zurich Policy is barred, in whole or in part, to the extent Plaintiff's liability in the <u>Robinson</u> action does not arise out of the named insured's ownership, maintenance or repair of that part of the premises which is not reserved for the exclusive use or occupancy of Plaintiff or any other tenant of lessee.

<strong><u>NINTH AFFIRMATIVE DEFENSE</u></strong>

Additional insured coverage under the Zurich Policy is barred, in whole or in part, to the extent it is not permitted by law.

10

## TENTH AFFIRMATIVE DEFENSE

Zurich has advised Plaintiff, through its counsel, that Zurich has agreed to provide a defense in the underlying <u>Robinson</u> action under a reservation of rights.  Accordingly, Plaintiff's request for declaratory relief with respect to Zurich's alleged duty to defend Plaintiff in the <u>Robinson</u> action does not present a ripe and/or justiciable controversy, thereby depriving this Court of subject matter jurisdiction over same.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff seeks an advisory opinion concerning indemnity coverage for a potential settlement or judgment in the <u>Robinson</u> action that has not and may not occur.  Consequently, this Court lacks subject matter jurisdiction over the claims and causes set forth in Plaintiff's Complaint insofar as the same do not present a ripe and/or justiciable controversy.

## TWELFTH AFFIRMATIVE DEFENSE

In the event Plaintiff has failed to join necessary and indispensable parties, the relief sought in Plaintiff's Complaint is barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff may be precluded from pursuing a claim for coverage relative to the Robinson action under the Zurich Policy by application of *res judicata*, claims preclusion, or issue preclusion.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief may be barred by operation of the doctrines of unclean hands, estoppel, waiver, and/or laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief may be barred by the applicable statute or statutes of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

Zurich expressly reserves the right to assert each and every defense available under Fed.R.Civ.P. 12.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Zurich raises as an affirmative defense each and every affirmative defense set forth in Fed.R.Civ.P. 8(c), but only to the extent discovery in this matter or events in the future may implicate the same.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint contains insufficient information to permit Zurich to raise all appropriate defenses and, therefore, Zurich reserves its rights to amend and/or supplement this answer and these defenses and to assert additional defenses.

**WHEREFORE**, Defendant, Zurich American Insurance Company, respectfully requests judgment in its favor and against Plaintiff, Wal-Mart Stores East, LP, with prejudice and costs, and such other and further relief as the Court may otherwise deem just and proper under the circumstances.

**BODELL BOVE, LLC**

By: /s/ Louis A. Bové

LOUIS A. BOVÉ, ESQUIRE
REX F. BRIEN, ESQUIRE
PA BAR I.D. NOS. 53071/40884
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Tel: (215) 864-6600
Facsimile: (215) 864-6610
lbove@bodellbove.com
rbrien@bodellbove.com
*Attorneys for Defendant,*
*Zurich American Insurance Company*

Date: May 6, 2021